FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2017 AUG -4 P 4: 02
CLERK'S OFFICE
AT GREENBELT
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **GERMAN AMERICAN CAPITAL CORPORATION,** | * | |
| Plaintiff, | * | Case No.: GJH-13-296 |
| v. | * | |
| **DEAN F. MOREHOUSE,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff German American Capital Corporation ("GACC") has moved for the entry of a charging order against Defendant Dean F. Morehouse's membership interest in a company he formed called Residences at Savannah Harbor, LLC to satisfy a judgment awarded in favor of GACC and against Morehouse by the United States District Court of the District of Columbia in February 2013. ECF No. 40. No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion for Entry of Charging Order is granted.

### I. BACKGROUND

On February 14, 2013, the United States District Court for the District of Columbia ordered that judgment be entered in favor of GACC and against Morehouse in the amount of $23,966,216.95. ECF No. 1-1. On June 27, 2013, GACC's judgment was registered with this Court. ECF No. 1. Thus far, GACC has managed to collect a portion of the debt through a foreclosure on a real estate development and a forbearance agreement Morehouse executed with

1

GACC in 2014. ECF No. 40-1 at 1.[1] Approximately $11 million dollars remains unpaid, however. *Id.*

The pending motion for charging order was filed with the Court on March 2, 2017 after Morehouse allegedly defaulted on the forbearance agreement. ECF No. 40-1. On March 16, 2017, Morehouse responded to GACC's motion and stated that he did not oppose entry of the charging order. ECF No. 41. Despite the lack of opposition, Morehouse did also note that he disagreed with some of the factual allegations in the motion and believed that GACC's right to a charging order is governed by Georgia rather than Maryland law. *Id.* A month later, Morehouse moved for leave to file a supplemental memorandum, arguing that the forbearance agreement, the relevant portion of which he claimed he had just located, bars GACC from the relief it seeks. ECF No. 42. His supplemental motion further articulating this argument was submitted contemporaneously. ECF No. 43. On May 1, 2017, GACC responded, opposing Morehouse's motion for leave to file supplemental briefing but arguing that, even if the Court grants Morehouse's motion, the forbearance agreement referenced by Morehouse does not bar GACC from receiving an economic lien against Morehouse's membership interests in Savannah Harbor. ECF No. 44. Morehouse filed his reply on May 15, 2017. ECF No. 45.

**DISCUSSION**

**A. Motion for Charging Order**

Enforcement of a money judgment is governed by Federal Rule of Civil Procedure 69(a)(1). The procedure "on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located..."

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

2

Fed. R. Civ. P. 69(a)(1). As this Court is located in Maryland, the Court will look to Maryland law for the appropriate procedures.

In Maryland, a creditor of a debtor who "hold[s] an economic interest in a limited liability company" may request that a court "charge the economic interest of the debtor in the limited liability company for the unsatisfied amount of the debt." Md. Code, Corps. & Ass'ns § 4A-607(b)(1). Because it was formed under the laws of Georgia, ECF No. 40-2, Savannah Harbor is a foreign limited liability company. *See* Md. Code., Corps. & Ass'ns § 4A-101(j) (defining "foreign limited liability" as a company formed under the laws of a state other than Maryland.). Notably, the charging statute that GACC relies on does not reference foreign limited liability companies and the term, "limited liability company," is defined as an unincorporated business "organized and existing under [the Maryland Limited Liability Company Act]." *See id.* § 4A-101(k). However, the charging statute also references a debtor's "economic interest," which is defined in the Act's definitional section as the right of a "member," of either a limited liability company or a foreign limited liability company, to receive distributions from a limited liability company, or a member's share of the profits and losses of such a company. *See id.* §§ 4A-101(i), (m). Thus, reading the charging statue in conjunction with the definition section, and in the absence of any language specifically barring the entry of charging orders against foreign limited liability companies, the Court concludes that the charging statue does provide for the enforcement of a charging order against a foreign limited liability corporation like Savannah Harbor. *Vision Mktg. Res., Inc. v. McMillin Grp., LLC*, No. CIV.A. 10-2252-KHV, 2015 WL 4390071, at *6 (D. Kan. July 15, 2015) (reaching same conclusion after interpreting similar Kansas statute).[2]

---

[2] Additionally, Morehouse has not objected to this Court's personal jurisdiction over him in this proceeding or in prior proceedings before this Court. *Foster v. Arletty 3 Sarl*, 278 F.3d 409, 413 (4th Cir. 2002) ("The requirement

Indeed, Morehouse initially consented to the entrance of the charging order, before reversing course to argue in his supplemental memorandum that the forbearance agreement that he signed with GACC barred GACC from seeking a lien against Morehouse's economic interest in Savannah Harbor. *See* ECF Nos. 41 & 43. The Court will now address the supplemental memorandum

### B. Motion to File Supplemental Memorandum

Morehouse's brief motion for leave to file a supplemental memorandum does not articulate what legal standard should apply to his request. ECF No. 42. In their opposition, GACC argues that the Court should decide the motion under Federal Rule of Civil Procedure 6(b)(1), which allows for an extension of time after the time to act has expired if a party failed to act because of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). According to GACC, Morehouse's actions do not meet the high standard set for excusable neglect because any delay was the result of the inattentiveness of Morehouse's counsel to locate the forbearance agreement in a timely manner. ECF No. 44 at 3. In his reply, Morehouse argues that Federal Rule of Civil Procedure 15(a), which governs amendments to pleadings, rather than Rule 6(b)(1) applies and that the Court should allow amendment of his motion because "justice so requires." Fed. R. Civ. P. 15(a)(2); ECF No. 45 at 4-5. Alternatively, if the Court does look to Rule 6(b)(1), Morehouse argues that he demonstrated excusable neglect because he acted in good faith but was unable to

---

that a court have personal jurisdiction is grounded in the Due Process Clause. As with other due process rights, this requirement is subject to waiver.") (internal citations omitted). As GACC argues, Morehouse's membership interest in Savannah Harbor is his personal property and the Court's personal jurisdiction over Morehouse extends to his personal property even if it is located outside of Maryland. *See e.g. Vision Mktg. Res., Inc.*, 2015 WL 4390071, at *5 (holding that because the Court had personal jurisdiction over the debtor, the Court could enter judgment against his interest in a foreign limited liability company); *Glob. Money Mgmt. v. McDonnold*, No. 06CV34 BTM (WMC), 2009 WL 3352574, at *3 (S.D. Cal. Oct. 15, 2009).

locate the applicable provision within a 88 page document before the initial response period expired. ECF No. 45 at 5.

Rule 6(b)(1) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1). Here, Morehouse filed his initial responsive motion within the time period specified by the rules. Thus, Morehouse is not requesting an extension of time, but rather the opportunity to revise his timely submitted motion. Therefore, the Court finds that Rule 6(b)(1) is not the appropriate standard by which to evaluate Morehouse's motion. *See Hunt v. Brooks Run Min. Co., LLC*, 51 F. Supp. 3d 627, 635 (S.D.W. Va. 2014), *aff'd*, 610 F. App'x 340 (4th Cir. 2015) (Rule 6(b) inapplicable when initial motion was timely filed).

Rule 15(a) discusses the procedure for amending pleadings before trial. *See* Fed. R. Civ. P. 15(a). The term "pleadings" is defined under Federal Rule of Civil Procedure 7(a), as "a complaint; an answer to the complaint; an answer to a counterclaim designated as a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; and, if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a). "Thus, under a literal application of Rule 15(a)...motions are not 'pleadings' and the amendment of a motion will not be permitted under [Rule 15(a)]." Charles Alan Wright & Arthur Miller, 6 Fed. Prac. & Proc. Civ. § 1475 (3d ed. 2004) ("Wright and Miller"); *see also Hunt v. Brooks Run Min. Co., LLC*, 51 F. Supp. 3d at 635; *Factory Direct Tires, Inc. v. Cooper Tire & Rubber Co.*, No. 3:11CV255/RV/EMT, 2012 WL 2873232, at *1 (N.D. Fla. June 13, 2012), *report and recommendation adopted*, No. 3:11CV255/RV/EMT, 2012 WL 2873153 (N.D. Fla. July 12, 2012). Therefore, Rule 15(a) is inapplicable as well.

Thus, the decision to accept or reject Morehouse's supplemental responsive motion is left to the discretion of the Court. *See* Wright and Miller, 5 Fed. Prac. & Proc. Civ. § 1194 (3d ed. 2004) (indicating that judicial discretion is appropriate avenue to decide whether to accept amended motions); *see also In re Repetitive Stress Injury Litig.*, 165 F.R.D. 367, 371 (E.D.N.Y. 1996) ("the decision to permit a party to file supplemental submissions is within the Court's discretion.").

Here, the Court declines to exercise its discretion to allow the filing of the revised motion. Although Morehouse says that he could not have found the relevant provision in the forbearance agreement earlier, there is nothing to indicate that he exercised due diligence in his search. As GACC persuasively argues, Morehouse could have remedied this problem through a variety of simple measures, such as requesting that GACC provide him with a copy of the agreement or moving for an extension of time to file his responsive motion as he continued his search. Here, justice would not be served if the Court allowed a party to revise a previously submitted responsive motion, in which he consented to the relief sought, merely because counsel chose to submit the initial motion without information vital to his case. Thus, the Court denies Morehouse's motion to file a supplemental memorandum and the Court grants Plaintiff's motion as consented to, based on Defendant's original response.

However, even if the Court were to consider Morehouse's argument, GACC would still be entitled to the charging order because its right to the order is not barred by the forbearance agreement. Pursuant to the agreement, GACC was to refrain from enforcing its rights under the judgment in exchange for Morehouse's commitment to making payments on his debt in accordance with specific terms laid out in the agreement. ECF No. 43-1 at 3. However, paragraph 10 of the contract, titled "Termination of Agreement," states that in the event of a

"Forbearance Termination Event," GACC would be "entitled to enforce its rights and remedies under the Judgment including, but not limited to, demanding payment of all principal, interest and attorneys' fees to which it would have been entitled had th[e] Agreement never been executed." ECF No. 43-1 at 9. Further, except for a provision allowing Morehouse ten days to cure any forbearance termination event, GACC "reserve[d] all of its rights and remedies under the Judgment and under applicable law." *Id.* The agreement listed various types of action or inaction that could result in a "Forbearance Termination Event," including "the failure by Morehouse to strictly comply with any obligations set forth in this Agreement." *Id.*

On April 3, 2015, the agreement was amended to add paragraph 4.1, discussing Morehouse's plan to purchase a property referred to as the "Brampton Property" from an affiliate controlled by GACC pursuant to a separate purchase and sale agreement. ECF No. 43-1 at 27. In the event the purchase was successful, Morehouse would receive a credit against the judgment for a portion of the purchase price. *Id.* The agreement further provided that "[i]n the event Morehouse exercises the 'Brampton Option' [GACC] acknowledges that it has no claim or interest in any compensation Morehouse, and his successor and assigns, receive in respect to the Brampton Property, or revenues they derive from the ownership of the Brampton Property, beyond the sale price to be paid to [GACC] pursuant to this paragraph." *Id.*[3]

Morehouse subsequently took title to the Brampton Property through Residences at Savannah Harbor, LLC ("Savannah Harbor"). ECF No. 43 at 3. Savannah Harbor was formed in Georgia on December 10, 2014 as a limited liability company. ECF No. 40-2. Savannah Harbor's operating agreement is signed by Morehouse and indicates that he owns 100% of the membership interest in the company. ECF No. 40-3 at 30-31.

---

[3] The agreement was subsequently amended several more times, but the above-referenced provisions were not affected. ECF No. 43-1 at 33-44.

In October 2016, Morehouse defaulted on the forbearance agreement and has not made any "voluntary payments" to GACC since that time. ECF No. 40-1 at 1. However, Morehouse has continued his career as a real estate developer and is presently building and marketing 226 single-family homes through his Savannah Harbor company. *Id.* at 2. Concerned that Morehouse would sell the properties and abscond with any proceeds while leaving GACC's remaining judgment unpaid, GACC pursued the remedy of a charging order. *Id.* at 3.

GACC argues that Morehouse's October 2016 default constituted a material breach of the contract, entitling it to terminate the forbearance agreement pursuant to paragraph 10 of the contract, captioned "Termination of Agreement." ECF No. 44 at 5-6. Morehouse argues that he did not breach the forbearance agreement. ECF No. 43 at 4. Instead, he claims that his failure to meet the payment milestones laid out in the forbearance agreement was a "Forbearance Termination Event," the effect of which is also governed by paragraph 10. *Id.* However, he argues that paragraph 10 does not affect paragraph 4.1 ("the Brampton Property provision"), exempting the Brampton Property from execution, and that when a specific and general provision in a contract are in conflict, the specific provision controls. *Id.* at 5. Thus, the parties agree that paragraph 10 of the contract governs but differ as to whether or not it is limited by the Brampton Property provision.

Maryland follows the objective interpretation of contracts. *Walker v. Dep't of Human Res.*, 379 Md. 407, 421 (2004). Under this interpretation, the court is focused on determining "what a reasonable person in the position of the parties would have thought the contract meant" with the language of the contract being the primary source for identifying this intent. *Gresham v. Lumbermen's Mut. Cas. Co.*, 404 F.3d 253, 260 (4th Cir. 2005). "Where a contract is plain and

unambiguous, there is no room for construction, and it must be presumed that the parties meant what they expressed." *Kasten Const. Co., Inc. v. Rode Enterprises,* 268 Md. 318, 328 (1973).

Paragraph 10 of the forbearance agreement states that, in the event of a "Forbearance Termination Event," GACC would be "entitled to enforce its rights and remedies under the Judgment including, but not limited to, demanding payment of all principal, interest and attorneys' fees to which it would have been entitled had th[e] Agreement never been executed." ECF No. 43-1 at 9. Further, except for a provision allowing Morehouse ten days to cure any forbearance termination event, GACC "reserve[d] all of its rights and remedies under the Judgment and under applicable law." *Id.* The agreement specifically states that "the failure by Morehouse to strictly comply with any obligations set forth in this Agreement" constitutes a forbearance termination event. *Id.*

Here, the contract's plain and unambiguous meaning is that Morehouse's failure to strictly comply with the agreement would result in GACC's ability to enforce its judgment in any way it sees fit. Morehouse has admitted that he failed to comply with all the milestones laid out in the agreement, and thus, GACC is no longer bound by the contract to refrain from collecting the money it is owed. *See* ECF No. 45 at 2 n.2. ("There is no dispute, however, that Morehouse has failed to meet all of the milestones set forth in the Forbearance Agreement …").

Moreover, the Court does not read the Brampton Property provision to be in conflict with the Termination of Agreement provision. The Brampton Property provision states that in the event Morehouse successfully purchased the Brampton Property from an affiliate of GACC, Morehouse would receive a credit against the judgment for a portion of the purchase price and have no additional claim with respect to that property. ECF No. 43-1 at 27. However, nothing in this provision suggests that the parties intended to exempt the Brampton Property from judgment

in the event of termination. As GACC notes, if the parties intended for this paragraph to survive the termination of the agreement, they could have said so, either in the Brampton Property provision or in the Termination of Agreement provision. They did not.

Upon termination of the agreement, the parties agreed that GACC would be "entitled to enforce its rights and remedies under the Judgment…to which it would have been entitled had th[e] Agreement never been executed." ECF No. 43-1 at 9. Thus, the Court holds that the Brampton Property provision does not bar the entrance of charging order against Morehouse's economic interests in Savannah Harbor and that Plaintiff's Motion would be appropriate even if the Court had allowed the filing of Defendant's supplemental memorandum.[4]

I. **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Entry of Charging Order, ECF No. 40, shall be granted. A separate Order follows.

Dated: August 4, 2017

GEORGE J. HAZEL
United States District Judge

---

[4] Morehouse did not raise any objections to GACC's other requests in the charging order. Thus, they will also be granted.